# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY R. RULEFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 04-CV-749-JHP-FHM |
| | ) |
| TULSA WORLD PUBLISHING COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Now before the court is the defendant, Tulsa World Publishing Company's ("Tulsa World"), Reurged Motion for Summary Judgment, the plaintiff. Gary Ruleford's ("Ruleford"), Response to said motion and Defendant's Reply. Plaintiff's employment as Manager of the Classified Advertising Department of the Tulsa World was terminated on January 23, 2004. Plaintiff filed this action alleging age discrimination under the Age Discrimination in Employment Act of 1976, 29 U.S.C. §621, et seq. ("ADEA") and violations of the public policy of Oklahoma as embodied in the Oklahoma Anti-Discrimination Act ("OADA").

**BACKGROUND**

After the Tulsa World filed its original Motion for Summary Judgment and brief (Dkt. 18 and 19), on June 8, 2005, Ruleford filed his Response, attaching the Affidavit of Ruleford with Exhibits to that Affidavit (Dkt. 38). Ruleford also submitted a deposition errata sheet attempting to substantially change his testimony to conform to his Affidavit. The Tulsa World moved to strike Ruleford's Affidavit, deposition with Errata Sheet and various Exhibits in two separate Motions (Dkt. 42 and 45). Magistrate Judge Cleary struck various paragraphs of Ruleford's Affidavit as a sham affidavit, struck Ruleford's deposition errata sheet in its entirety and struck Exhibits C - F as a

discovery sanction (Dkt. 63).

The Order on the Motions to Strike found that several paragraphs of Ruleford's Affidavit on telephone reports, the discussions at the termination meeting, the definition of success, and the review of profit and loss statements were not in conflict with Ruleford's deposition testimony and should not be struck. As the Court found the sham affidavit analysis applied to Ruleford's Affidavit, the only question was whether the paragraphs were inconsistent with Ruleford's deposition testimony. Tulsa World appealed the parts of the Order on the Motions to Strike relating to telephone reports and the redefinition of success. The appeal was denied by this Court on January 9, 2006 (Dkt. 71), with direction to reurge the Motion for Summary Judgment within fifteen days in light of the final Order on the Motion to Strike.

On June 8, 2006, after considerable procedural delays and the imposition of sanctions by this Court, Ruleford filed his Amended Response in Opposition to Defendant's Reurged Motion for Summary Judgment. Although the Reurged Motion for Summary Judgment filed by Defendant consists of substantially the same Statement of Undisputed Facts, Defendant argued in a Motion to Strike filed June 21, 2006 (Dkt. 102), that Plaintiff had materially changed most of his answers (even though there was no intervening discovery, and Plaintiff submitted the exact same Affidavit – including the stricken portions of the Affidavit). Defendant asserted the changes were improper and should be stricken. This Court agreed and granted Defendant's Motion to Strike on August 16, 2006 (Dkt. 110).

## DISCUSSION

In general, summary judgment is proper where the pleadings depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Anderson v.*

*Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. Id. at 249.

In considering a motion for summary judgment, this court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Gray v. Phillips Petroleum Co.,* 858 F.2d 610, 613 (10th Cir. 1988). Furthermore, if on any part of the prima facie case there is insufficient evidence to require submission of the case to the jury, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). In addition, one of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

In regard to the Plaintiff's ADEA claim, the Tenth Circuit uses the three-stage analysis outlined in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-804 (1973), and *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252-56 (1981),* to prove discrimination when no direct evidence of age discrimination exists. *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 142-43 (2000); Cooper v. Asplundh Tree Expert Co.,* 836 F.2d 1544, 1547 (10th Cir. 1988). "At the first stage, the plaintiff must prove a prima facie case of discrimination. She must show that (1) she is within the protected age group; (2) she was doing satisfactory work; (3) she was discharged; and (4) her position was filled by a younger person." *Denison v. Swaco Geolograph Co.,* 941 F.2d 1416, 1420 (10th Cir. 1991)(quoting Lucas v. Dover Corp.,* 857 F.2d 1397, 1400 (10th Cir. 1988).

If the plaintiff satisfies the prima facie requirements under the ADEA, then the case enters the next stage. In this second stage, the burden of production moves to the defendant. The defendant has to present a legitimate nondiscriminatory reason for its action, then the burden of persuasion moves back to the plaintiff. See *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. at 142-43. In this third stage of the discrimination analysis, the plaintiff must show that age was a determinative

3

factor in the defendant's employment decision, or show that the defendant's explanation for its action was merely pretext. *See Faulkner v. Super Valu Stores, Inc., 3 F.3d 1419, 1424-25 (10th Cir. 1993).* Failure to come forward with evidence of pretext will entitle the defendant to judgment. *See Burdine, 450 U.S. at 256; Denison, 941 F.2d at 1421 (evidence of pretext "is crucial in an ADEA case").*

Assuming Plaintiff has established a prima facie case, Plaintiff still cannot meet his burden of discrediting the employer's legitimate reasons for terminating him. The employer's burden is simply to demonstrate a legitimate, nondiscriminatory reason for its actions. *See Burdine, 450 U.S. at 260.* The defendant having done so, the plaintiff must present enough evidence to support an inference that the employer's reason was merely pretext, by showing either "that a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence." Id. at 256; *MacDonald v. Eastern Wyoming Mental Health Ctr., 941 F.2d 1115, 1121-22 (10th Cir. 1991).* Plaintiff has failed to meet his burden.

Plaintiff has not created a genuine issue concerning the sincerity of the proffered reasons for his termination. Although summary judgment is not ordinarily appropriate for settling issues of intent or motivation, *Setliff v. Memorial Hosp. Of Sheridan County, 850 F.2d 1384, 1393, n. 12 (10th Cir. 1988); Romero v. Union Pac. R.R., 615 F.2d 1303, 1309 (10th Cir. 1980)*, all of the evidence submitted by Plaintiff is insufficient to raise doubts about the defendant's motivation. To defeat a summary judgment motion, he would have to simply point to evidence establishing a reasonable inference that the employer's proffered explanation is unworthy of credence. *MacDonald, 941 F.2d at 1121-22.* Even though all doubts must be resolved in Plaintiff's favor, allegations alone will not defeat summary judgment. *Celotex, 477 U.S. at 324*.

Plaintiff has not raised an inference that Defendant's articulated explanation for his termination was pretextual or that age discrimination was a determinative factor in the termination. *See Neal v. Roche, 349 F.3d 1246 (10th C ir. 2003).* The undisputed facts of this case show that

4

Ruleford's employment was terminated for a legitimate non-discriminatory reason – the Tulsa World believed that Ruleford so poorly managed the Classified Department that the annual sales revenues for the Classified Department declined by over $5,883,000.00 from Ruleford's first full year in 1999 until his last full year in 2003 (a 19.9% decline), while commissions increased by 28% and payroll increased by 11% for that department over the same time period.

In this regard, Ruleford testified a manager is responsible for the performance of his department. Ruleford also recognized in his deposition that a manager bears the "lion's share" of the responsibility for the performance and that the department is judged by the revenues. The Response concedes that this is a valid reason – " . . . might seem a legitimate non-discriminatory reason and a valid business decision . . ." – but then asserts it was not the reason stated at termination (Response at 27). However, in making the decision, Lorton reviewed the revenue declines, expense increases, the Bair Report and was aware that the Classified Department revenue declines were greater than any other of the Tulsa World advertising departments.

As set forth in the Admitted Facts, Ruleford admits his department's performance was poor and was worse than any other advertising department of the Tulsa World for the same time period. Further, Ruleford repeatedly admitted that the Tulsa World judged his performance based upon the revenues of the department. In essence, Ruleford conceded in his deposition the Tulsa World's legitimate non-discriminatory reason for discharge.

Ruleford also attempts to prove his case through his own subjective evaluations of his performance as a Tulsa World employee and out of date evaluations by a former co-worker. But, the relevant inquiry is what the decision-maker (1) believed about Ruleford's performance and (2) believed as to the reason for the decline in revenues. *McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1129 (10th Cir. 1998).* Ruleford's view of his performance is not relevant to the decision. ADEA and OADA prohibit intentional discrimination, not allegedly bad decisions. Since it is

5

undisputed that the revenues declined by over $5,883,000.00 (19.9%) while commission and payroll expenses increased over the same five year period, and the Tulsa World decision-maker legitimately thought the results of Ruleford's management were unsatisfactory, summary judgment is appropriate. Thus, Defendant's Motion for Summary Judgment is granted.

     **IT IS SO ORDERED** this 22nd day of September 2006.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma